UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDILBERTO CAMARSE CUYSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-01913 AC<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on September 23, 2014. Administrative Record ("AR") 22-33

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1    (Decision).² The disability onset date was alleged to be September 6, 2010. AR 22. The
2    application was disapproved initially and on reconsideration. AR 22. On December 1, 2015, ALJ
3    G. Ross Wheatley presided over the hearing on plaintiff's challenge to the disapprovals. AR 42 –
4    83 (transcript). Plaintiff, who appeared with his counsel Ms. Amada Foss, was present at the
5    hearing. AR 22. Ms. Lorian I. Hyatt, a Vocational Expert ("VE"), also testified at the hearing.
6    Id.

7    On December 14, 2015, the ALJ found plaintiff "not disabled" under Sections 216(i) and
8    223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 22-33 (decision), 34-37 (exhibit
9    list). On June 14, 2016, after receiving "A letter of contentions from Shellie Lott" as an
10   additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's
11   decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision and
12   additional exhibit list).

13   Plaintiff filed this action on August 12, 2016. ECF No. 1; see 42 U.S.C. § 405(g). The
14   parties consented to the jurisdiction of the magistrate judge. ECF Nos. 4, 5. The parties' cross-
15   motions for summary judgment, based upon the Administrative Record filed by the
16   Commissioner, have been fully briefed. ECF Nos. 12 (plaintiff's summary judgment motion), 16
17   (Commissioner's summary judgment motion), 17 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born on August 25, 1966, and accordingly was, at age 48, a younger person under the regulations, when he filed his application.³ AR 32. Plaintiff has at least a high school education, and can communicate in English. AR 32. Plaintiff is a military veteran. AR 71.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the

---

² The AR is electronically filed at ECF Nos. 8-3 to 8-13 (AR 1 to AR 629).
³ See 20 C.F.R. § 404.1563(c) ("younger person").

2

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1                                    IV.  RELEVANT LAW

2          Disability Insurance Benefits and Supplemental Security Income are available for every

3    eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff

4    is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

5    determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987)

6    (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

7          The Commissioner uses a five-step sequential evaluation process to determine whether an

8    applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4);

9    Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation

10   process to determine disability" under Title II and Title XVI).  The following summarizes the

11   sequential evaluation:

12              Step one: Is the claimant engaging in substantial gainful activity?  If
               so, the claimant is not disabled.  If not, proceed to step two.
13

14   20 C.F.R. § 404.1520(a)(4)(i), (b).

15              Step two: Does the claimant have a "severe" impairment?  If so,
               proceed to step three.  If not, the claimant is not disabled.
16
     Id. §§ 404.1520(a)(4)(ii), (c).
17

               Step three: Does the claimant's impairment or combination of
18             impairments meet or equal an impairment listed in 20 C.F.R., Pt.
               404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not,
19             proceed to step four.

20   Id. §§ 404.1520(a)(4)(iii), (d).

21              Step four: Does the claimant's residual functional capacity make
               him capable of performing his past work? If so, the claimant is not
22             disabled.  If not, proceed to step five.

23   Id. §§ 404.1520(a)(4)(iv), (e), (f).

24              Step five: Does the claimant have the residual functional capacity
               perform any other work?  If so, the claimant is not disabled.  If not,
25             the claimant is disabled.

26   Id. §§ 404.1520(a)(4)(v), (g).

27         The claimant bears the burden of proof in the first four steps of the sequential evaluation

28   process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or

                                              4

disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. [Step 1] The claimant has not engaged in Substantial Gainful Activity (SGA) during the period from his Alleged Onset Date (AOD) of September 6, 2010 through his Date Last Insured (DLI) of December 31, 2014 (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Through the Date Last Insured (DLI) the claimant had the following severe impairments: Affective Disorder; Anxiety Disorder (20 CFR 404.1520(c)).
>
> 4. [Step 3] Through the Date Last Insured (DLI) the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: his work is limited to simple, as defined by the Dictionary of Occupational Titles (DOT) as Specific Vocational Preparation (SVP) levels 1 and 2, routine and repetitive tasks; he can have only occasional changes in the work setting; he can have no interaction with the general public; work must be isolated with only occasional supervision (meaning limited interaction); work can be around coworkers throughout the day, but with only limited interaction with coworkers.
>
> 6. [Step 4] Through the Date Last Insured (DLI) the claimant was unable to perform any Past Relevant Work (PRW) (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born on August 25, 1966 and was 48 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82041 and 20 CFR Part 404, Subpart P, Appendix 2).

| | |
|---|---|
| 1 | 10. [Step 5, continued] Through the Dated Last Insured (DLI), considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there were jobs that existed in significant numbers in the National Economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)). |
| 2 | |
| 3 | |
| 4 | 11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from September 6, 2010, the Alleged Onset Date (AOD), through December 31, 2014, the Date Last Insured (DLI) (20 CFR 404.1520(g)). |
| 5 | |

AR 24-33.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 33.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to weigh, and thereby implicitly rejecting, the opinion of treating physician Dr. Cecile Soliven; (2) improperly evaluating plaintiff's credibility; and (3) failing to properly consider lay witness testimony. ECF No. 12-1 at 13-23. Plaintiff requests that the matter be remanded to the Commissioner for an immediate award of benefits.

### A. The ALJ Properly Evaluated Dr. Soliven's Statements

The ALJ did not implicitly reject the opinion of Dr. Soliven because Dr. Soliven did not provide a medical opinion. Medical opinions are statements from physicians and other acceptable medical sources that reflect, among other things, judgments about "what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(b) (medical reports should include, among other things, a statement about what the claimant can still do despite his impairments). While physicians may make medical notes in a claimant's file, statements that do not address the claimant's functional limitations need not be weighed by the ALJ. See, e.g., Champagne v. Colvin, 582 F. App'x 696, 697 (9th Cir. 2014) (unpublished) (rejecting assertion that ALJ improperly disregarded treating physicians' opinions where providers did not opine on claimant's functional limitations and claimant "identified no additional medically necessary limitation that should have been included in the [RFC]")).

In relevant part, Dr. Soliven provided responses to a medical questionnaire and

6

documented his treatment of plaintiff with notes that are included in the record, but he did not make any findings about plaintiff's functional limitations. Dr. Soliven's medical notes generally document plaintiff's subjective complaints. For example, Dr. Soliven notes that plaintiff self-reported hypervigilance, paranoia, and hyperactivity. AR at 329. Although Dr. Soliven recorded that plaintiff has "no good work history after military due to being hard to get along with people" and found plaintiff had "poor concentration, poor attention, decreased judgment [and] some mild cognitive distortion," she did not state if or how these issues created any ongoing functional limitations for plaintiff. AR 621. Likewise, while Dr. Soliven noted plaintiff has issues with social functioning in that plaintiff felt he "cannot be around people," thinks he is weird, and gets "irritated easily," these notes do not amount to a medical opinion because Dr. Soliven did not make any independent findings regarding these impairments or find any functional limitations. AR 623. In fact, Dr. Soliven stated only that plaintiff needed "further stabilization using group and individual therapy and medication adjustment" and did not render any opinion as to how plaintiff's ongoing treatment may impact his functional capacity. AR 624.

The ALJ properly addressed Dr. Soliven's notes. The ALJ expressly considered the mental disorder questionnaire and letter that Dr. Soliven submitted, and because those documents were not medical source statements or opinions concerning Plaintiff's residual functional capacity he was not required to formally weigh them. AR 30, citing AR 619-24 and AR 629. The ALJ did not commit error with respect to Dr. Soliven.

B.  The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ did not err in discounting plaintiff's subjective allegations. AR 27-31. While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

In this case the ALJ found "several factors" contributed to a finding of reduced credibility. AR 27. These factors constitute legally-sufficient reasons for discounting plaintiff's subjective

complaints and his statements regarding the intensity, persistence, and limiting effects of his alleged symptoms. AR 27-31. First, the ALJ found plaintiff's appearance and demeanor during his hearing inconsistent with his allegations of disabling mental impairments. AR 27 (noting plaintiff was attentive and not distracted during the hearing). This is proper grounds for discounting plaintiff's subjective statements; an ALJ may consider his or her own observations when assessing the claimant's credibility and functional abilities. See, e.g., 20 C.F.R. § 404.1529(c)(3) ("We will consider . . . observations by our employees and other persons").

The ALJ also found plaintiff's statements to be vague and inconsistent. AR 27. For instance, although Plaintiff denied being able to help with his two young children and has reported being unable to "do anything," the medical records show that during the relevant time period he cared for his children, took them to and from school, either walking or driving, and did laundry and other household chores. AR 25-26, 27, 62, 67, 424, 622. The ALJ found these activities of daily living, along with other activities, such as his travel to the Philippines, were inconsistent with plaintiff's subjective testimony as to his limitations. AR 25, 27-28. A claimant's daily activities are relevant to an ALJ's credibility determination. See 20 C.F.R. § 404.1529(c)(3).

Finally, the ALJ found plaintiff's complaints were inconsistent with the medical evidence, including his routine and conservative outpatient treatment. AR 28-29, See 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence … is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms …."). For example, the ALJ noted that plaintiff had no recent hospitalizations and no emergency room visits. AR 31. The ALJ fully addressed plaintiff's subjective testimony and gave sufficient reasoning for discounting it; there is no error in the ALJ's treatment of plaintiff's subjective testimony.

  C. The ALJ Did Not Err in Weighing Lay Witness Testimony

The ALJ did not err in discounting plaintiff's wife's lay person testimony. An ALJ need only give germane reasons for discrediting lay witness testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). As with a claimant's testimony, an ALJ may discount lay witness

8

testimony if he or she finds it inconsistent with the evidence in the medical record. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006). It is the province of the ALJ to make credibility determinations with respect to witnesses. <u>Fair</u>, 885 F.2d at 604.

The ALJ discounted Ms. Cuyson's testimony, finding it inconsistent with the medical record. AR 31. Ms. Cuyson indicated plaintiff was limited because he could not get along with other people, he felt down, his medication made him tired, and he had trouble sleeping. AR 228-36. She further stated that plaintiff did not cook or do household chores, but he could take out the trash and manage his personal care. AR 229-31. Ms. Cuyson also stated that plaintiff had difficulty paying attention, following instructions, and could not get along with authority figures, or handle stress or changes in routine. AR 231-34.

As with plaintiff's testimony, the ALJ discounted Ms. Cuyson's testimony because it was inconsistent with the medical record as a whole, which indicated plaintiff was not so limited. AR 31. See <u>Greger</u>, 464 F.3d at 972. The ALJ again relied on the lack of recent hospitalizations or visits to the emergency room, the gaps in plaintiff's treatment history, his constantly documented normal mental status examinations, and plaintiff's conservative outpatient treatment. AR 28-31, 230, 353, 380-81, 456, 462, 470. 482. The ALJ provided germane reasons for discounting Ms. Cuyson's lay witness testimony, and there is no error on this point.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: September 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE